NUNC PRO TUNC

OCT 2 2008

FILED

08 OCT -7 PM 4:36

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MALDONADO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BELT DRIVES, LTD., a California Corporation; GMA ENGINEERING, INC., a Nebraska Corporation; WILLIAM C. GARDNER, an individual; STEVEN R. YETZKE, an individual; and DOES 1-50, inclusive,<br><br>Defendants. | CIVIL ACTION NO: 08-CV-1431 JM BLM<br><br>DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |

COMES NOW Defendant GMA Engineering, Inc., answering Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1. With respect to Paragraph 1 of Plaintiff's Complaint, Defendant admits that this is a civil action arising under the patent laws and statutes of the United States but denies that the '587 patent has been infringed by Defendant.

## JURISDICTION AND VENUE

2. With respect to Paragraph 2 of Plaintiff's Complaint, Defendant admits that the Court has exclusive jurisdiction over this patent case but denies that this Court has jurisdiction over Defendant and denies that venue is proper in this judicial district.

## PARTIES

3. With respect to Paragraph 3 of Plaintiff's Complaint, Defendant is without sufficient information to admit the same and therefore denies the allegations therein.

4. With respect to Paragraph 4 of Plaintiff's Complaint, Defendant is without sufficient information to admit the same and therefore denies the allegations therein.

5. With respect to Paragraph 5 of Plaintiff's Complaint, Defendant admits that it is a company registered and existing under the laws of Nebraska but denies the remaining allegations of Paragraph 5.

6. With respect to Paragraph 6 of Plaintiff's Complaint, Defendant admits the allegations therein.

7. With respect to Paragraph 7 of Plaintiff's Complaint, Defendant is without sufficient information to admit the same and therefore denies the allegations therein.

8. With respect to Paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information to admit the same and therefore denies the allegations therein.

9. With respect to Paragraph 9 of Plaintiff's Complaint, Defendant admits that it is the owner of US Patent No. 6,283,255 but denies that the '255 patent was wrongfully granted as alleged in paragraph 9. Defendant admits that HCC has not given permission to Defendant to manufacture the alleged invention of the '587 patent and admits that Defendants William Gardner and GMA were first charged with infringement by way of a February 16, 2000 letter from Mr. Maldonado's attorney Robert Hansen.

**COUNT I**

**(Patent Infringement)**

10. With respect to Paragraph 10 of Plaintiff's Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. With respect to Paragraph 11 of Plaintiff's Complaint, Defendant is without sufficient information to admit the same and therefore denies the allegations therein.

12. With respect to Paragraph 12 of Plaintiff's Complaint, Defendant denies the allegations therein.

13. With respect to Paragraph 13 of Plaintiff's Complaint, Defendant admits that Defendant had knowledge of the '587 patent upon receiving the February 16, 2000 letter from Mr. Hansen.

14. With respect to Paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations therein.

15. With respect to Paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations therein.

16. With respect to Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations therein.

17. With respect to Paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations therein.

**COUNT II**

**(Actively Inducing Patent Infringement)**

18. With respect to Paragraph 18 of Plaintiff's Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 9, inclusive, as though fully set forth herein.

19. With respect to Paragraph 19 of Plaintiff's Complaint, Defendant denies the allegations therein.

20. With respect to Paragraph 20 of Plaintiff's Complaint, Defendant denies the allegations therein.

21. With respect to Paragraph 21 of Plaintiff's Complaint, Defendant denies the allegations therein.

22. With respect to Paragraph 13 of Plaintiff's Complaint, Defendant admits that Defendant had knowledge of the '587 patent upon receiving the February 16, 2000 letter from Mr. Hansen.

23. With respect to Paragraph 23 of Plaintiff's Complaint, Defendant denies the allegations therein.

24. With respect to Paragraph 24 of Plaintiff's Complaint, Defendant denies the allegations therein.

25. With respect to Paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations therein.

26. With respect to Paragraph 26 of Plaintiff's Complaint, Defendant denies the allegations therein.

## COUNT III

## (Contributory Infringement)

27. With respect to Paragraph 27 of Plaintiff's Complaint, Defendant realleges and incorporates by reference its responses to paragraphs 1 through 9, inclusive, as though fully set forth herein.

28. With respect to Paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations therein.

29. With respect to Paragraph 29 of Plaintiff's Complaint, Defendant admits that Defendant had knowledge of the '587 patent upon receiving the February 16, 2000 letter from Mr. Hansen.

30. With respect to Paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations therein.

31. With respect to Paragraph 31 of Plaintiff's Complaint, Defendant denies the allegations therein.

32. With respect to Paragraph 32 of Plaintiff's Complaint, Defendant denies the allegations therein.

33. With respect to Paragraph 33 of Plaintiff's Complaint, Defendant denies the allegations therein.

## PRAYER FOR RELIEF

1. Defendant denies that Plaintiff is entitled to any relief or judgment whatsoever from Defendant, either as prayed for in the Complaint or otherwise.

2. Defendant further denies each and every allegation contained in the Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer, Affirmative Defense and Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff is guilty of laches since Plaintiff first charged Defendant with infringement by way of a February 16, 2000 letter from Plaintiff's attorney Robert Hansen. Plaintiff's claim for damages is therefore barred.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's patent claim is barred by estoppel since Plaintiff first charged Defendant with patent infringement by way of Mr. Hansen's February 16, 2000 letter.

**THIRD AFFIRMATIVE DEFENSE**

Defendant has not infringed the patent-in-suit.

**FOURTH AFFIRMATIVE DEFENSE**

The patent-in-suit is invalid pursuant to 35 U.S.C. §§ 102, 103 and 112.

**FIFTH AFFIRMATIVE DEFENSE**

The patent-in-suit is unenforceable.

**SIXTH AFFIRMATIVE DEFENSE**

Due to prosecution history estoppel, Plaintiff is estopped from claiming that Defendant's structure infringes any claim of the '587 patent.

**COUNTERCLAIMS**

Defendant and Counterclaim Plaintiff GMA Engineering, Inc. ("GMA"), through its counsel, for its counterclaims against Plaintiff and Counterclaim Defendant Michael Maldonado ("Maldonado"), states, alleges, and avers as follows:

**Nature of Action**

1. GMA counterclaims for a declaration of non-infringement and invalidity as to each and every patent claim of United States Patent No. 5,992,587 (hereinafter the "'587 patent"), arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States 35 U.S.C. § 1, *et seq.*

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over GMA's Declaratory Judgment Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338(a). As demonstrated by the Complaint filed by Maldonado in this action, and the Defenses and Counterclaims raised by GMA, an actual and

justiciable controversy exists between GMA and Maldonado regarding non-infringement, invalidity, and unenforceability as to each and every patent claim of the '587 patent.

3. This Court has personal jurisdiction over Maldonado.

4. Venue is proper in this judicial district pursuant to 38 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**The Parties**

5. GMA is a corporation with its place of business in Omaha, Nebraska.

6. As alleged in the Complaint, Maldonado is an individual doing business as Heavy Cycle Customs with a place of business at 2711 Mission Hills Drive, San Juan Capistrano, CA 92675.

**COUNT I**

**(Declaratory Judgment of Non-Infringement)**

7. GMA hereby incorporates by reference the allegations set forth in Paragraphs 1 through 6 of its Counterclaims as though set forth herein in their entirety.

8. In the Complaint, Maldonado alleges that GMA has been infringing one or more claims of the '587 patent.

9. GMA denies that it has infringed any valid claim of the '587 patent.

10. There exists, therefore, an actual and justifiable controversy between GMA and Maldonado with respect to the non-infringement of any valid claim of the '587 patent.

11. Therefore, GMA seeks entry of a declaratory judgment that it does not infringe any valid claim of the '587 patent.

**COUNT II**

**(Declaratory Judgment of Invalidity)**

12. GMA hereby incorporates by reference the allegations set forth in Paragraphs 1 through 11 of its Counterclaims as though set forth herein in their entirety.

13. In the Complaint, Maldonado alleges that GMA has been infringing one or more claims of the '587 patent.

14. GMA alleges that each and every claim of the '587 patent is invalid for failure to meet the statutory and decisional requirements for patentability, including those of 35 U.S.C. §§102, 103, and/or 112.

15. There exists, therefore, an actual and justifiable controversy between GMA and Maldonado with respect to the invalidity of each and every claim of the '587 patent.

16. Therefore, GMA seeks entry of a declaratory judgment that each and every claim of the '587 patent is invalid.

**PRAYER FOR RELIEF**

WHEREFORE, GMA respectfully requests that judgment be entered in its favor as follows:

A. For the Complaint to be dismissed, with prejudice, and Maldonado's requests for relief be denied entirely;

B. For a declaration that each and every claim of United States Patent No. 5,992,587 is (1) not infringed, (2) invalid, and/or (3) unenforceable;

C. For Maldonado to be preliminarily and permanently enjoined from asserting that GMA, or its agents, representatives, and/or customers, have infringed or are infringing any of the claims of United States Patent No. 5,992,587;

D. For Maldonado to be preliminarily and permanently enjoined from bringing suit against GMA or its agents, representatives, and/or customers, for infringement of any of United States Patent No. 5,992,587;

E. For a declaration that this case is an exceptional and that GMA be awarded its attorneys' fees in accordance under 35 U.S.C. §285 and other applicable law;

F. That GMA be awarded his costs and other expenses in this action; and

G. For GMA to be awarded such other and further relief as the Court may deem just and proper.

DATED this 30th day of September, 2008.

GMA ENGINEERING, INC., Defendant

By: W C Gardner

Printed Name: William C Gardner

Title: President

Address: 13525 "A" Street

Omaha, NE 68144

CERTIFICATE OF SERVICE

I, hereby certify that a true and exact copy of DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS was served by forwarding a copy thereof by First Class Mail, postage prepaid, to Handal & Associates, Civic Center Plaza, 1200 Third Avenue, Suite 1321, San Diego, CA 92101 on this 30th day of September, 2008.

GMA ENGINEERING, INC., Defendant

By: W C Gardner