Mark B. Mizrahi (CA State Bar #179384)
mmizrahi@brookskushman.com
**BROOKS KUSHMAN P.C.**
6100 Center Drive, Suite 630
Los Angeles, CA 90045
Tel: (310) 348-8200; Fax: (310) 846-4799

CHRIST T. TROUPIS, (CA State Bar #81154)
**TROUPIS LAW OFFICE**
1299 E. Iron Eagle, Ste 130
PO Box 2408
Eagle, Idaho 83616
Telephone: 208/938-5584
Facsimile: 208/938-5482
Email: ctroupis@troupislaw.com

**Attorney for Defendant Belt Drives, Ltd. and Steven R. Yetzke**

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **MICHAEL MALDONADO, an individual,**<br><br>**Plaintiff**<br><br>**vs.**<br><br>**BELT DRIVES, LTD., a California Corporation, GMA ENGINEERING, INC., A Nebraska Corporation; WILLIAM C. GARDNER, an individual; STEVEN R. YETZKE, an individual; and DOES 1-50, Inclusive,**<br><br>**Defendants.** | **Case No. 08-CV-1431 JM BLM**<br><br>**BELT DRIVES, LTD. AND STEVEN R. YETZKE'S ANSWER AND AFFIRMATIVE DEFENSES** |

COME NOW Defendants BELT DRIVES, LTD., and STEVEN R. YETZKE, answering Plaintiff's Complaint as follows:

## NATURE OF THE ACTION

1. With respect to Paragraph 1 of Plaintiff's Complaint, Defendants admit that this is a civil action arising under the patent laws and statutes of the United States but deny that the '587 patent has been infringed by these Defendants.

## JURISDICTION AND VENUE

2. With respect to Paragraph 2 of Plaintiff's Complaint, Defendants admit that the Court has exclusive jurisdiction over this patent case but are without sufficient information to admit that venue is proper in this judicial district and therefore deny that allegation.

## PARTIES

3. With respect to Paragraph 3 of Plaintiff's Complaint, Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

4. With respect to Paragraph 4 of Plaintiff's Complaint, Defendants admit the allegations therein.

5. With respect to Paragraph 5 of Plaintiff's Complaint, Defendants admit that GMA is a company registered and existing under the laws of Nebraska but denies the remaining allegations of Paragraph 5.

6. With respect to Paragraph 6 of Plaintiff's Complaint, Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

7. With respect to Paragraph 7 of Plaintiff's Complaint, Defendants admit that Steven R. Yetzke ("Yetzke") is an individual having a regular place of business at 1559 N. Main St., Orange, CA 92865. Defendants deny the remaining allegations therein.

## PLAINTIFF'S PATENT

8. With respect to Paragraph 8 of Plaintiff's Complaint, Defendant is without sufficient information to admit the same and therefore denies the allegations therein.

9. With respect to Paragraph 9 of Plaintiff's Complaint, Defendants admit that GMA is the owner of US Patent No. 6,283,255 but are without sufficient information to admit or deny the remaining allegations set forth therein and therefore denies them.

## COUNT I

## (Patent Infringement)

10. With respect to Paragraph 10 of Plaintiff's Complaint, Defendants reallege and incorporate by reference its responses to paragraphs 1 through 9, inclusive, as though fully set forth herein.

11. With respect to Paragraph 11 of Plaintiff's Complaint, Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

12. With respect to the allegations of Paragraph 12 of Plaintiff's Complaint as to Defendant Belt Drives Ltd., ("BDL"), Defendants deny the allegations therein. With respect to the allegations of Paragraph 12 as to Defendant GMA, this Defendant is without sufficient information to admit the same and therefore denies the allegations therein.

13. With respect to Paragraph 13 of Plaintiff's Complaint, Defendants deny the allegations therein.

14. With respect to Paragraph 14 of Plaintiff's Complaint, Defendants deny the allegations therein.

15. With respect to Paragraph 15 of Plaintiff's Complaint, Defendants deny the allegations therein.

16. With respect to Paragraph 16 of Plaintiff's Complaint, Defendants deny the allegations therein.

17. With respect to Paragraph 17 of Plaintiff's Complaint, Defendants deny the allegations therein.

## COUNT II

## (Actively Inducing Patent Infringement)

18. With respect to Paragraph 18 of Plaintiff's Complaint, Defendants reallege and incorporate by reference its responses to paragraphs 1 through 9, inclusive, as though fully set forth herein.

19. With respect to Paragraph 19 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

20. With respect to Paragraph 20 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

21. With respect to Paragraph 21 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

22. With respect to Paragraph 22 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

23. With respect to Paragraph 23 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

24. With respect to Paragraph 24 of Plaintiff's Complaint, as to these Defendants, Defendants deny the allegations therein.

25. With respect to Paragraph 25 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

26. With respect to Paragraph 26 of Plaintiff's Complaint, Defendants deny the allegations therein.

## COUNT III

## (Contributory Infringement)

27. With respect to Paragraph 27 of Plaintiff's Complaint, Defendants reallege and incorporate by reference their responses to paragraphs 1 through 10, inclusive, as though fully set forth herein.

28. With respect to Paragraph 28 of Plaintiff's Complaint, Defendants are without sufficient information to admit the same and therefore deny the allegations therein.

29. With respect to Paragraph 29 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

30. With respect to Paragraph 30 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

31. With respect to Paragraph 31 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

32. With respect to Paragraph 32 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

33. With respect to Paragraph 33 of Plaintiff's Complaint as to these Defendants, Defendants deny the allegations therein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

As a first, separate and affirmative defense to the Plaintiff's claims, Defendants allege that Plaintiff is guilty of laches since Plaintiff first charged Defendant GMA with infringement by way of a February 16, 2000 letter from Plaintiff's attorney Robert Hansen and Plaintiff's first notification to this Defendant of any alleged infringement was by service of the Complaint in this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's patent claim is barred by estoppel since Plaintiff first charged Defendant GMA with patent infringement by way of Mr. Hansen's February 16, 2000 letter.

**THIRD AFFIRMATIVE DEFENSE**

These Defendants have not infringed the patent-in-suit.

**FOURTH AFFIRMATIVE DEFENSE**

The patent-in-suit is unenforceable.

**FIFTH AFFIRMATIVE DEFENSE**

Due to prosecution history estoppel, Plaintiff is estopped from claiming that Defendant GMA's structure infringes any claim of the '587 patent.

**PRAYER FOR RELIEF**

1. Defendants deny that Plaintiff is entitled to any relief or judgment whatsoever from Defendant, either as prayed for in the Complaint or otherwise.

2. Defendants further deny each and every allegation contained in the Complaint that was not specifically admitted, denied, or otherwise responded to in this Answer.

WHEREFORE, Defendants BDL and Yetzke respectfully request that judgment be entered in their favor as follows:

A. For the Complaint to be dismissed, with prejudice, and Maldonado's requests for relief be denied entirely;

B. That BDL and Yetzke be awarded their attorneys' fees, costs and other expenses in this action; and

C. For BDL and Yetzke to be awarded such other and further relief as the Court may deem just and proper.

Dated: February 23, 2009

Respectfully submitted,
TROUPIS LAW OFFICE, P.A.

By ______________________
CHRIST T. TROUPIS State Bar #81154

# PROOF OF SERVICE

STATE OF IDAHO, COUNTY OF ADA:

I am employed in the COUNTY ADA, STATE OF IDAHO. I am over the age of 18 and not a party to the within action; my business address is 1299 E. Iron Eagle, Ste 130, Eagle, ID 83616.

On February 23, 2009, I served the foregoing document described as Defendant Belt Drives, Ltd. and Steven R. Yetzke's Answer and Affirmative Defenses to Complaint in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Gabriel G. Hedrick,
Handal & Associates
1200 Third Avenue , Ste 1321
San Diego, CA 92101

Boris Zelkind
Knobbe Martens Olson & Bear
550 West C Street, Ste 1200
San Diego, CA 92101

Dennis Thomte
Thomte Patent Law Office
2120 S. 72nd Street, Ste 1111
Omaha, NE 68124

[X] **BY MAIL:** I placed such envelope for collection and mailing in accordance with my business' ordinary business practices. I am readily familiar with the practice at my place of business for the collection and processing of correspondence for mailing. Under that practice, such correspondence is deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Eagle, Idaho.

[ ] **BY FEDERAL EXPRESS**: I caused said envelope(s) to be sent by Federal Express to the addressee(s) on the attached service list as marked with an ^^^.

[ ] **BY ELECTRONIC MAIL**: By transmitting via electronic mail the documents listed above to email addresses as set forth above.

[ ] **BY TELECOPIER**: In addition to the above service by mail, hand delivery, or Federal Express, I caused aid document(s) to be transmitted by telecopier at approximately _____ a.m./p.m. to the addressee(s) on the attached service list.

[X] (Federal) I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 23, 2009 at Eagle, Idaho.

[signature]
Christ T. Troupis